Julia ROBINSON, Willie D. Rutledge, Willie James Brown, Nancy Scott, Otis Curry, George Copeland, Gloria M. Brown, Individually and on behalf of all those similarly situated, and Harris County Civic League, Plaintiffs-Appellants,

v.

William H. KIMBROUGH, James McMichael, Homer A. Page, H. S. Taylor, Steve M. Harris and Howard M. Waddle, Individually and as Jury Commissioners of Harris County, Georgia, and all their agents, employees and successors in interest, Defendants-Appellees.

No. 75–2135.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 1976.

---

Ellen Leitzer, Laughlin McDonald, Neil Bradley, Atlanta, Ga., Emily Calhoun, Athens, Ga., for plaintiffs-appellants.

Forrest L. Champion, Jr., Columbus, Ga., W. Kendrick Askew, Pine Mountain, Ga., for defendants-appellees.

Before GODBOLD, McCREE * and TJOFLAT, Circuit Judges.

\* Of the Sixth Circuit, sitting by designation.

1. Plaintiffs' objection to use of a suspect "old" jury list as a source of names for a "new" list is

**PER CURIAM:**

This is a class action in which plaintiffs claimed arbitrary and systematic exclusion of blacks and women from the jury lists of Harris County, Georgia.

Plaintiffs questioned: (1) the constitutionality of §§ 59–112(d), 59–124, and 79–207, Ga. Code Ann., to the extent that they allow women at their option to decline jury duty; (2) the constitutionality of § 59–112(b), facially and as applied, to the extent that it allows a woman to be excused from jury duty on a showing that she is a housewife with children 14 years of age or younger; (3) the refusal of the district judge to request a three-judge court to consider the constitutionality of the foregoing statutes; (4) the racial composition of the jury lists; (5) the methods by which the commissioners select names for the jury lists.

■ Sections 59–112(d), and 79–207 have been amended by the Georgia legislature so as to remove exclusion of women from juries and the privilege of women to opt out of jury service. Ga.Acts 1975, pp. 779–780. Section 59–124 has been repealed. *Id.*

■ At oral argument of this case it appeared that the jury composition figures before the court were outdated, and we directed that the record be supplemented with fresh data. The parties have filed a stipulation bringing the record up to 1975. It reveals that the racial composition of the jury lists in 1975 is within constitutional limits. Also we are of the opinion that the methods by which the commissioners select names for the jury lists are within constitutional bounds.[1]

Summarizing, issue (1) has been mooted. The decision of the district court on issue (5) is affirmed. The decision on issue (4) is affirmed on the basis of the fresh record.

■ Issue (2), concerning exclusion from jury duty of housewives with children 14 years of age or younger, raises a substantial

now ameliorated by the fact that the 1975 list covered by the stipulation, which now is or in the future will be the "old" list, is not suspect.

constitutional question. See *Taylor v. Louisiana*, 419 U.S. 522, n. 17 at 534, 95 S.Ct. 692, n. 17 at 700, 42 L.Ed.2d 690, n. 17 at 701. See also *U. S. v. Armsbury*, 408 F.Supp. 1130 at 1145 (D.Or., 1976). On this issue the decision of the district court must be reversed and the cause remanded for further proceedings.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

Costs are taxed against the appellees.